THE CINCINNATI STREET RY. CO. *v.* ADAMS.

312

(Decided July 18, 1929.)

*Mr. Leo J. Brumleve, Jr.,* for plaintiff in error.
*Messrs. Kunkel & Kunkel,* for defendant in error.

Ross, J.   This case comes into this court on error from the court of common pleas of Hamilton county, wherein a judgment was rendered for the plaintiff below, John H. Adams.

The petition alleged that the plaintiff was oper-ating an automobile on Madison Road, in the city of

Cincinnati; that the automobile stalled on the street car track; that the street car was so negligently operated as to violently strike the automobile, throwing it a distance of 100 feet; that the operator of the street car had ample time to stop it, but failed to do so; and that the collision caused serious personal injuries to the defendant in error.

The street railway company answered, denying negligence on its part, and alleging that the accident was due to the sole negligence of plaintiff.

Seven assignments of error are presented for our consideration:

I. That the court committed error in limiting counsel for plaintiff in error in his opening statement, in that counsel was not permitted to state his view of the law.

In our opinion neither the Constitution nor the statutes or decisions of the courts in this state authorize a debate of legal questions before a jury in the opening statements. There is nothing to indicate that such is the function of an opening statement. We can see where such practice would result in confusion in the minds of the jury, who are, under the law, to take the law of the case from the court at the proper time. The discretion reposing in the court in the instant case was not abused.

II. The second assignment of error is that the court committed error in refusing to charge on the burden of proof with reference to the issue of sole negligence, raised by the answer of the defendant. As we understand it, the contention of counsel is that the court should have charged that the burden of proof rested upon the plaintiff to show by a preponderance of the evidence that he, the plaintiff,

was *not* guilty of sole negligence, proximately causing the accident. We are cited to a number of decisions of the Supreme Court of Ohio, commented upon below, and in none of these is there any foundation for such a contention.

In the case of *Glass* v. *Wm. Heffron Co.*, 86 Ohio St., 70, 98 N. E., 923, it is stated that the allegation of sole negligence "is more than a denial that the plaintiff was without fault." It is an averment that the plaintiff's own negligence was the sole cause of the injury. However, the court, on page 75 of 86 Ohio State, 98 N. E., 924, says: "Hence the learned trial court, in submitting the case to the jury, very properly reminded them that, if they found that the defendant was not guilty of the negligence charged, they need go no further than to return a verdict for the defendant."

While it is more than an allegation negativing negligence, the excess is surplusage, for the defendant has only to equal the charge of negligence against him.

In the case of *Rayland Coal Co.* v. *McFadden, Admr.*, 90 Ohio St., 183, 107 N. E., 330, it was held that the issue of contributory negligence, raised by the evidence, is an issue in the case and must receive the attention of the court.

There is, however, nothing in either of these cases supporting the contention of the plaintiff in error as to the burden to be placed upon the defendant in error.

In the case of *Hanna* v. *Stoll*, 112 Ohio St., 344, at page 348, 147 N. E., 339, 340, the court says: "It is sufficient at this time to direct attention to the fact that the averments of the answer merely put in

issue the claim asserted by the plaintiff that his injury was caused by the negligence of the defendant. No burden was assumed by the defendant in making the averment that plaintiff's injury resulted from his sole negligence, any more than had he charged that plaintiff's injury was purposely and willfully self-inflicted, or that it was caused by the act of a third person.''

Such is also the holding in the case of *Montanari* v. *Haworth*, 108 Ohio St., 8, 140 N. E., 319, where the first proposition of the syllabus reads: 1. ''In an action for damages claimed to have been caused by the negligent act of the defendant, his answer, which, in addition to a general denial, contained an averment that whatever injuries plaintiff sustained were caused by the negligence of a third party therein named, *does not state an affirmative defense,* and an instruction of the court which places upon the defendant the burden of proving the negligence of such third party, and that such negligence was the proximate cause of plaintiff's injury, is erroneous and prejudicial to the defendant.''

Where contributory negligence becomes an issue through the pleadings or evidence, and sole negligence has been charged, the court must be careful to limit the burden upon the defendant to prove, by a preponderance of the evidence, contributory negligence.

In the case at bar, the court charged the burden was upon the defendant in error to prove the negligence of the plaintiff in error by a preponderance of the evidence, and that, in view of the fact that the issue of contributory negligence was raised by the evidence, the burden of proving contributory

negligence by a preponderance of the evidence was upon the plaintiff in error.

Nowhere in the charge does the court leave the slightest impression that there was any duty upon the plaintiff in error beyond this burden. We are unable to see where the charge is prejudicial to the plaintiff in error in the manner suggested.

The burdens on the plaintiff, in a case involving the issues presented by the instant case, are: First, by a preponderance of the evidence to prove that the negligence of the defendant was the proximate cause of the injury; second, to at least equal by all the evidence in the case the evidence of the defendant tending to show that the plaintiff was guilty of contributory negligence; and, third, if the evidence of the plaintiff raises a presumption of negligence on his part, to rebut this presumption. The burden placed upon the defendant is: First, to at least equal in weight the evidence of the plaintiff, tending to prove its negligence; and, second, where the issue of contributory negligence is raised, to establish by a preponderance of the evidence the contributory negligence of the plaintiff.

While the allegation of sole negligence has been held to be more than a general denial, it has also been held by the decisions above noted not to require any greater proof on the part of the defendant in the case than would be required by a general denial. In so far as such an allegation asserts sole negligence on the part of the plaintiff, as a defense, it is surplusage. It cannot be construed as an allegation of contributory negligence.

The court, in our opinion, properly charged the jury upon the issues raised in the case.

III. The third assignment of error is that the court refused to charge the jury, in its general charge, with reference to certain sections of the General Code.

It is admitted that these sections were properly covered in the special charges, but it is claimed that said special charges were commented upon by the court. Even if these comments reached the ears of the jury, which it is strenuously contended they did not, it is our opinion that Section 11447, General Code, does not apply to special charges, but is applicable only to a general charge. See *Gano* v. *C., C., C. & St. L. Ry. Co., ante,* 142, 168 N. E., 566, decided by this Court June 17, 1929.

IV. The fourth assignment of error is that the court committed error in refusing to charge the jury that there was no evidence in the case that the street car was running at an unlawful rate of speed.

It is our opinion that such charge is not only unnecessary, but would have been improper had it been given. While the statutes applying to speed do not include street cars, if the street car was operated at a speed, which, in view of the condition of traffic, amounted to a disregard of the rights of others occupying the street, and was operated by an employee not using the care which a reasonably prudent person would use under similar circumstances, a charge such as was requested would have been wholly misleading.

V. The fifth assignment of error was that the court failed to properly charge the jury on the question of preponderance of the evidence. We quote the portion of the charge objected to: ''By a preponderance of the evidence we mean the greater

weight of the evidence. This does not necessarily mean by the greater number of witnesses, but simply means, if in weighing all the evidence in the case, the testimony of witnesses, any written or documentary evidence, photographs or any other evidence admitted in the trial, the *evidence of the one side* outweighs *that of the other* then that side is said to have the weight of the evidence."

It is contended that by this charge the court relegated each of the parties to its own evidence. We do not think the charge capable of such an interpretation. Each "side" under the charge may prove its "side" of the issue from the entire evidence.

VI. The sixth assignment of error is that the court committed error in refusing to strike out a statement made by a doctor in the case, who was testifying as a professional expert. It is sufficient to say that the plaintiff in error moved to strike out this evidence; that the court properly advised the jury as to its weight and application, and there was no exception taken to the decision of the court. Such an exception is necessary in order to raise the point before this court. An exception under Section 11559, General Code, is defined to be an objection taken to a decision of the court upon a matter of law. There was no objection taken to the decision of the court on this matter.

VII. The seventh assignment of error is that the verdict, as to amount, is manifestly against the weight of the evidence.

We have examined the evidence and find that the jury was fully justified in finding in the amount it did, in view of the injuries sustained by the defendant in error, as shown by the evidence.

Finding no error in the record prejudicial to the plaintiff in error, the judgment of the court below must be, and is, affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.