## PRATT v BYERS

Ohio Appeals 2nd Dist, Franklin Co

Decided October 23, 1931

Randolph Walton and Max E. Arons, Columbus, for plaintiff in error.

Phil S. Bradford, Wm. E. McKinley, and W. K. Howell, Columbus, for defendant in error.

HORNBECK, J.

There might be some question on the state of the bill of exceptions as none of the evidence appears and the necessity of the charges must be assumed, whether we have properly before us the legal question sought to be raised by the defendant. But we waive the technical objection, and pass upon the question made by the defendant.

There is doubt if the statement of the court in the general charge modified, qualified, or explained special instruction No. 2. The mere fact that the court characterized it as an explanation does not establish it as such if the effect of what was said did not amount to an explanation. Had the court restated special instruction No. 2, as was substantially done, and followed it with the further statement contained in the general charge, we can see no objection to it. This is true because that part of the general charge following the word "however" is merely a statement of the converse of the legal proposition presented in special instruction No. 2. It is not an explanation, it is a presentation of the law of the case, if the defendant was placed in a situation of danger by reason of his own fault; whereas the special charge related only to the law if he was placed in a situation of danger without his fault.

However, we would hesitate to rest our judgment upon the claim that the general charge was not an explanation in any manner of the special charge, because the court so characterized it, and in a general way it might be so construed.

If the limitation found in paragraph 7 of §11447 GC, applies to written instructions mentioned in paragraph 5, then it was error on the part of the court to qualify, modify, or explain in the general charge the law as enunciated in the special instruction. **Householder v Granby, 40 Oh St 430.**

There are three cases in Ohio supporting the proposition of defendant: **Caldwell v Brown, 9 C C 691; Rupp v Shaffer, Adm'r, 21 C C 643; City of Cincinnati v Lochner, 8 N P 436.**

The trial court in the instant case chose to follow **Cincinnati Street Ry Co v Adams, 33 Oh Ap 311, 169 N. E. 480,** and particularly **Gano v C, C, C & St L Ry Co, 33 Oh Ap 142, 168 N. E. 566.** We approve of the action of the trial court on authority of the opinion in the Gano Case, and upon further support found in a consideration of the history of §11447 GC under consideration, which was formerly §5190 GC Revised Statutes. This section, wherein paragraphs 5 and 7 appeared, was a part of the Code of Civil Procedure passed March 14, 1853, effective July 1, 1853, **51 Ohio Laws, 100.**

Paragraph 5 of §11447 GC originally enacted as a provision of the Code of Civil Procedure, **51 Ohio Laws 100,** read as follows: "When the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court: which instructions shall be reduced to writing, if either party require it."

Paragraph 7 **(51 Ohio Laws 101)** read: "The court may again charge the jury after the argument is concluded."

The Supreme Court had held, prior to the enactment of the above statute, in **Jones v State, 20 Ohio, 34, 46,** that although customary so to do, there was no law imposing the obligation upon courts to charge a jury, unless requested by counsel, either upon the whole case or upon some particular part thereof.

It will be observed that under paragraph 5, above, the points of law upon which counsel could request the court to charge may or may not have been in writing, and may or may not have been given before argument, although the language of paragraph 7, that "the court may again charge the jury after the argument," suggests that the instructions provided under paragraph 5 were to be given before argument. It will also be observed that no limitation appears on modification, qualification, or explanation of the instructions.

The first amendemnt to the section occurred April 13, 1867, **64 Ohio Laws 138.** No change appears in paragraph 5 but paragraph 7 was supplemented by language requiring that any charge or charges given after argument should be reduced to writing by the court, if either party request it, "which charge or charges, when so written and given, shall in no case be orally qualified, modified, or in any manner explained to the jury by the court; * * *"

The act was again amended in 1868, **65 Ohio Laws 190.** There was no material change in paragraph 5, but paragraph 7 was altered to read as follows: "7. The court, after the argument is concluded, shall immediately, and before proceeding with other business, charge the jury; which charge or any charge given after the conclusion of the argument, shall be reduced to writing by the court, if either party request it, before the argument to the jury is commenced; and such charge **or charges, or any other charge or instruction provided for in this section,** when so written and given, shall in no case be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jury in their retirement, and returned with their verdict into court, and shall remain on file with the papers of the case."

The change in paragraph 7 made it mandatory upon the court to charge the jury after argument. It contemplates a written charge or charges after argument upon request of counsel before argument, and expressly prohibits oral qualification, modification or explanation of any or all written charges or instructions given under paragraphs 5 and 7.

The fact that the expression "charge or charges" is used in reference to written instructions given by the court after argument indicates that the lawmakers had in mind that the written instructions, or some of them provided in paragraph 5, may have been given after argument. Thus, you would have the full written charge of the court after argument, which was now required, if requested, together with other written charges or instructions which might be given upon request of counsel.

The limitation on the right of a court to modify, qualify, or explain was clearly all-inclusive, and reached every charge or instruction in writing that the court may have given upon request of counsel.

The next and final amendment to the section was made March 3, 1892, **89 Ohio Laws 59.** Paragraph 5 was changed to read: "When the evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

Paragraph 7 was also changed, and appears in the form in which we now have it. The significant change in paragraph 5 is the requirement that the instructions desired by counsel shall be presented by them and shall be in writing and shall be given or refused before argument. Paragraph 7 has now omitted in connection with the limitation under consideration, the words italicized in

paragraph 7 as quoted above, and instead of "such charge or charges" now reads "such charge or instruction." This change is significant. Whereas heretofore the language definitely and unmistakably had limited any comment by the court on written instructions given under paragraphs 5 or 7, the language which made the limitation effective as to 5 was stricken. It seems that charge and instruction, as used in paragraph 7, as found in **89 Ohio Laws 59,** were used interchangeably.

The Legislature then, with a knowledge of the distinction between instructions before and charge after argument, took from the limitation in paragraph 7 the language which would definitely relate it to paragraph 5.

The history of this legislation, in our judgment, tends to strengthen the view of the trial court that his right of explanation in the general charge of special charge No. 2 was not limited by paragraph 7 of **§11447 GC.**

The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ and KUNKLE, J, concur.