## S. S. KRESGE CO. v. HOLLAND.
### No. 10233.

Circuit Court of Appeals, Sixth Circuit.

Dec. 12, 1946.

496

Wilbur E. Benoy, of Columbus, Ohio (Benoy, Saxby & Sebastian, of Columbus, Ohio, on the brief; Arthur M. Sebastian, of Columbus, Ohio, of counsel), for appellant.

Charles D. Fogle, of Marietta, Ohio (Fogle & Fogle, of Marietta, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Suit by Sarah A. Holland, appellee, for damages for personal injuries against S. S. Kresge Company, appellant. Judgment for appellee, hence this appeal.

The gist of the complaint is, that on or about February 2, 1944, appellant, owning and operating a department store, applied a floor dressing called Myco-sheen to the floor thereof so unevenly as to create a slippery, dangerous and unsafe condition,

and that while this unsafe condition was permitted to continue, appellee entered the store as a patron and, without fault or negligence upon her part, stepped upon a slippery place on the floor and fell with such force and violence as to sustain serious and permanent injuries. Appellant admitted that appellee slipped and fell but for plea stated that it was not guilty of negligence but that appellee assumed the risk of falling or was guilty of contributory negligence that proximately caused her fall.

Appellant complains of the action of the court, (1) in granting appellee's motion for a jury trial; (2) of the denial of a directed verdict in its favor; (3) in excluding certain evidence offered by appellant; (4) in admitting certain evidence offered by appellee; (5) in refusing to permit appellant to demonstrate the application of Myco-sheen in the presence of the jury on a section of the floor offered in evidence; (6) in permitting excluded evidence to be read to the jury; (7) in refusing to submit to the jury certain written interrogatories; and (8) in refusing to submit certain written instructions requested by appellant.

As to appellant's demand for a jury trial,—Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides that a trial by jury may be demanded by serving a demand therefor in writing at any time after the commencement of the action and not later than ten days after the service of the last pleading directed to the issue. The last pleading was filed on September 14, 1945 and the motion for a trial by jury was not made until September 28, 1945, which was less than one month before the trial began.

At the opening of the trial the court granted the motion for a jury and an exception was taken. Whether the court should have granted the motion was within its own discretion [Rule 39(b), Federal Rules of Civil Procedure]; and there was no abuse of discretion, since an action for damages for personal injuries is peculiarly one to be decided by a jury.

As to the denial of a directed verdict,—appellant owned and operated a department store at 124 Putnam Street, Marietta, Ohio. The store faced north and had three aisles running in a northerly and southerly direction. On February 2, 1944, appellee fell in the east aisle in the back of the store five feet from the end of the last counter in the southeast corner of the store.

Appellee, 46 years old, married, and the mother of six children, was a customer of appellant on the day she was injured. She walked from her home to the store alone. She made some small purchases at a counter facing the center aisle and decided she would walk around a little bit before leaving the store. After engaging in a short conversation with two other ladies she walked to the point in the store where she fell. She testified that she slipped on oil that was on the floor. She said:

"I slipped on the oil that was on the floor, and my right leg slipped ahead of me and the other one went just as far behind me as it possibly could and let me down to the floor and I was sitting almost crossways of the floor, bearing up with this" (right) "hand on the floor, and holding this leg with the other hand.

"Q. You mean your right hand on the floor? A. Yes.

"Q. And holding your left leg with the left hand, is that right? A. That is right."

She testified that when she entered the store she noticed the floor was black as if it had been oiled and that there was more of the oil at the back of the store than at the front, because it had not been walked over so much, but she said, "I didn't see that it was real slippery until I slipped in it and fell." Her shoes were exhibited at the trial and the soles bore a black substance which appellee testified was picked up by her from the floor of the store.

The substance on the floor was a floor dressing called Myco-sheen and on January 22, 1944, was applied on the floor of the east aisle of the store by an employee, John Herald Henry, a floor cleaner and sweeper, under the direction of a representative of the manufacturer. The application was with a wet mop and this was followed by the use of another mop for drying purposes. Another partial application was made two days later. The floor was of pine and there was evidence tending to show that

the floor dressing was oily and slippery; that at some points the Myco-sheen stood in puddles or splotches and that this was particularly true at the point where appellee fell, and that the dressing was heavier or thicker in some places than others. There was evidence that on January 31st, two days before appellee's injury, there were "little pools of oil along the floor" and that the floor had a greasy surface.

Charles Sullivan, a witness for appellee, testified that "as I walked back through the store where people had walked there seemed to be a path there, you could see the tracks, and there were counters in there four or five feet apart, and the track is in the center of the aisle where people walked, you could see what I would call the same as a cow pasture." He further testified that at the point where appellee fell the floor had not been walked on as much and there was more oil on it at that place.

■ It is undoubtedly the law in Ohio and in other states where the common law applies, that it is the duty of a storekeeper to use reasonable care to keep the aisles of the store, where customers and invitees are expected to come, in a reasonably safe condition for their protection. J. C. Penny Co. v. Robison, 128 Ohio St. 626, 630, 193 N.E. 401, 100 A.L.R. 705; Carson v. S. H. Kress & Co., 56 Ohio App. 178, 184, 10 N. E.2d 180; F. W. Woolworth Co. v. Bland, 22 O.L.A. 660; Fox v. Ben Schechter & Co., 57 Ohio App. 275, 13 N.E.2d 730. By "reasonable care" (a relative term) is meant that care which a reasonably prudent merchant would exercise under given circumstances.

■ In considering the motion for a directed verdict we are not concerned with contradictory evidence nor with the credibility of witnesses. We simply say that appellee introduced substantial evidence, which if believed by the jury would justify a finding of negligence on the part of appellant, since on the issue of negligence appellant is charged with knowledge of conditions that existed or which in the exercise of reasonable care it could have ascertained.

J. C. Penny Co. v. Robison, supra, is urged upon us in support of the motion for a directed verdict. The Penny case is not controlling. It goes no further than to reiterate the commonly accepted principle that it is not negligence per se to have an oiled floor in a store if the dressing is applied and maintained in a proper manner. We think that the evidence above referred to was amply sufficient to warrant a jury in concluding that the Myco-sheen dressing was never properly applied nor prudently maintained.

■ It is further urged that even though it should appear that at the point where appellee fell, the condition of the floor was dangerous, still appellant was entitled to a directed verdict because appellee assumed the risk. We think that this was likewise a question for the jury.

■ In answer to the question, "You saw that condition?" appellee said, "I didn't see that it was really slippery until I slipped in it and fell." This evidence was sufficient to send the case to the jury upon the question whether the danger to appellee was obvious or fully known and appreciated by her. Upon the principle of assumption of risk, the question is not altogether whether appellee knew of the conditions existing, but rather, whether she had an awareness of the danger therefrom.

■■ Further, we do not think that appellee was guilty of contributory negligence as a matter of law. She was not required to make a critical examination of the aisles through which she walked for she had a right to assume that they were reasonably safe and this assumption must be taken into consideration in determining whether as a matter of fact appellee was guilty of contributory negligence. Pokora v. Wabash Ry. Co., 292 U.S. 98, 101, 54 S.Ct. 580, 78 L.Ed. 1149, 91 A.L.R. 1049; Bickley v. Sears, Roebuck & Co., 62 Ohio App. 180, 23 N.E.2d 505. We cannot say that appellee was unquestionably guilty of contributory negligence.

■ Appellant complains of the admission of certain testimony of Mildred Day with reference to the condition of the floor three days before the accident. The substance of this testimony was that the oil had been applied to the floor unevenly and made "little pools" along the floor. This testimony was relevant for whatever it

might be worth to the jury in determining whether appellant knew, or by the exercise of reasonable caution might have known, the condition of the floor shortly prior to appellee's injury.

Appellant further complains that in the cross-examination of its witnesses, Goodrich and Henry, appellee's counsel was permitted to ask questions which mis-stated the evidence and were calculated to mislead the jury. It is somewhat difficult to determine from the record the basis for appellant's objection, but considering the record as a whole, we do not regard it as sufficient to justify a reversal.

■ Appellant complains that the court permitted certain testimony of Mildred Day and Loss Harris, witnesses for appellee by depositions (although excluded by the court) to be read to the jury. The practice of allowing incompetent testimony taken by deposition to be read to the jury and subsequently excluding it is not favored; but in each instance complained of, the court specifically instructed the jury to disregard such excluded evidence.

■ ■ Appellant complains that the court declined to submit to the jury six written interrogatories. The court was not compelled to submit them. In Van Pelt v. United States, 6 Cir., 134 F.2d 735, 740, we said: "With regard to the refusal of the trial court to submit proposed written interrogatories to the jury, no error can be predicated thereon, as such submission is discretionary with the court under the rules which control such practice. See Rule 49, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c; Moore's Federal Practice, Vol. 3, pages 3095–3098 * * *." We have examined these interrogatories in connection with the general charge and conclude that there was no abuse of judicial discretion in declining to submit them.

■ Following Rule 51 of the Rules of Civil Procedure, appellant submitted to the court six requests for instructions, all of which were denied. It is admitted that Requests Nos. 1, 2 and 3 were covered in the general charge.

■ Request No. 4 was as follows: "The plaintiff can not recover in this case unless she has shown by a preponderance of the evidence that any substance which you find to have been on the floor in the aisle of said storeroom where plaintiff fell was known to the defendant to have qualities which would make it dangerous to persons coming in contact therewith."

This request was properly denied because the effect of it was to relieve appellant of negligence if it did not know that its floor dressing had qualities which would make it dangerous. The fault of the request is that it was phrased to avoid consideration of the question whether appellant was negligent in using floor dressing which it might have reasonable cause to believe was dangerous. In so far as Requests Nos. 5 and 6 correctly stated the law, they were sufficiently given in the general instructions.

We find no reversible error upon the record and the judgment appealed from is affirmed.