VORUM, APPELLEE, *v.* GORMAN, APPELLANT.

(No. 1043—Decided November 3, 1953.)

*Messrs. Meredith & Meredith* and *Mr. Wm. J. Lowry,* for appellee.

*Mr. C. M. Cable,* for appellant.

GUERNSEY, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Allen County in an action wherein the appellee, Donald A. Vorum, is plaintiff and the appellant, Thomas Gorman, is defendant.

The action is one for the recovery of damages for injuries alleged to have been sustained by plaintiff through the negligence of defendant in a collision between a Crosley automobile, in which the plaintiff was riding as a business guest of the operator thereof, one Carl Dienstberger, and a Chevrolet automobile owned and operated by the defendant. The collision occurred on Second Street in the city of Delphos on the 5th day of September 1948, when the automobiles in question were both being operated in a generally westerly direction on said street, the Crosley automobile in which the plaintiff was riding at the time of the collision proceeding in front of the automobile operated by defendant and the right front part of defendant's automobile colliding with the rear left part of the automobile in which plaintiff was riding, causing said automobile to turn over on its side in such a manner as to inflict serious injuries upon the plaintiff.

Upon the trial of the cause in the Common Pleas Court, the jury returned a verdict in favor of the plaintiff in the sum of $7,500, and judgment was duly entered thereon. A motion for a new trial was duly filed by the defendant, which the court overruled.

The judgment entered upon the verdict is the judgment from which this appeal is taken.

The parties to this appeal will be hereinafter referred to, respectively, as plaintiff and defendant, the

capacities in which they stood in the Common Pleas Court.

The defendant assigns error in the following particulars:

1. The court erred in overruling the motion of defendant for judgment in his favor notwithstanding the verdict.

2. The judgment is not sustained by sufficient evidence and is contrary to law.

3. The verdict is against the weight of the evidence and is not sustained by any evidence.

4. The trial court erred in its general charge to the jury. (a) Error of trial court in charging the jury on the assured-clear-distance-ahead statute. (b) Error of trial court in failing to explain conditions wherein a party charged with violation of the assured-clear-distance-ahead statute may be excused for noncompliance therewith. (c) Error of trial court in charging jury on speed.

5. The court erred in giving the special request to charge before argument submitted by the plaintiff.

6. Error by the trial court in trying to explain to the jury the special charge before argument after the jury had retired for over two hours, in other words, the trial court attempted to explain what was in the mind of counsel for plaintiff.

7. The court erred in overruling the motion of defendant for a new trial.

In his brief, defendant argues the first, second, and third assignments of error together, and they will be considered together by the court.

The other assignments will be considered in their numerical order, following the consideration of the first three assignments.

Assignments of error 1, 2, and 3.

As to these assignments the defendant makes the following contentions:

1. That the evidence discloses that, immediately preceding the collision between the automobile in which plaintiff was riding as a guest and the automobile operated by defendant, the automobile in which plaintiff was riding was proceeding in a westerly direction in the north half of that portion of Second Street lying north of the middle line of the paved portion of said street, the paved portion of the street being approximately 45 feet in width between the curbs.

2. That Carl Dienstberger, the driver of the automobile in which plaintiff was riding, suddenly, without giving any signal whatsoever, turned said automobile to the left in front of defendant's automobile and across the path of the same which constituted the sole cause of the collision between the two automobiles, resulting in the injuries sustained by plaintiff.

3. That there is no evidence that the defendant was proceeding at an excessive speed, or that he did not have his automobile under control, or that he failed to stop or diminish his speed or divert his course in order to avoid the collision, or that he failed to keep his motor vehicle under control so as to be able to stop within the assured clear distance ahead, or that he operated such vehicle without consideration for the safety of other users of the highway.

A careful reading of the bill of exceptions discloses that there is a conflict in the evidence as to the location of the automobile in which plaintiff was riding prior to the collision and as to whether the driver thereof, without signalling his intention so to do, suddenly turned his automobile into and across the path of defendant's automobile, the evidence introduced by the defendant tending to prove that at such time the automobile in which plaintiff was riding was in the north half of that portion of Second Street lying north of the center of the pavement on said street and in a

lane of traffic north of the lane of traffic in which the defendant was proceeding, and that the driver thereof suddenly and without in any way signalling his intention to do so turned his automobile into and across the lane and path of travel in which defendant's automobile was proceeding, and the evidence introduced by plaintiff tending to prove that immediately preceding the collision the automobile in which plaintiff was riding was proceeding in a westerly direction along said street near the center line thereof ahead of and in the same lane of traffic in which defendant was operating his automobile, and that the driver of the automobile in which plaintiff was riding gave a hand signal of his intention to turn to the left before turning and made said turn not suddenly but in the ordinary manner and time that such turns are usually made.

There was also conflict between the testimony of plaintiff given upon the trial of the cause and testimony previously given by plaintiff by, deposition and the testimony of plaintiff given upon the trial and the allegations of his petition and amended petition in an action instituted by him in the Common Pleas Court of Allen County against Carl Dienstberger, as to the location of the two automobiles before the accident and as to whether the driver of the automobile in which plaintiff was riding, without giving any signal, suddenly turned his automobile to the left and into and across the lane and path of travel in which defendant was proceeding.

Although there was no testimony that the defendant was operating his automobile at a rate of speed in excess of the prima facie speed limit, there was testimony from which the jury could infer that defendant was proceeding at a speed which would not permit him to bring his car to a stop within the assured clear distance ahead, and there is also evidence to the effect that the defendant's automobile skidded on a dry pave-

ment for a distance of 20 feet after the defendant applied the brakes to bring it to a stop, from which evidence the jury could infer that the defendant was exceeding the prima facie speed limit. There is also evidence of the proximity of defendant's automobile, at the time of collision, to a railroad crossing, which proximity the jury might consider a condition requiring a speed less than the prima facie speed.

On the whole, and leaving out of consideration the testimony of the plaintiff given upon the trial, there is substantial evidence apparently credible tending to prove every fact essential to support the verdict rendered by the jury in favor of plaintiff. The verdict is neither contrary to law nor against the manifest weight of the evidence and the court did not err in overruling the motion of defendant for judgment in his favor notwithstanding the verdict.

The first three assignments of error are, therefore, without merit.

Assignment of error 4.

(A) As we have indicated in our preceding discussion, there is ample evidence tending to prove that the defendant was operating his automobile in a manner which violated the provisions of the assured-clear-distance-ahead statute. Therefore, the court did not err in charging the jury on such statute.

(B) In the absence of a request from defendant to that effect, the court did not err in failing to explain conditions wherein a party charged with the violation of the assured-clear-distance-ahead statute may be excused for noncompliance therewith, as such failure is an error of omission and not an error of commission for which a judgment is subject to reversal.

(C) The basic statutory rule as to speed is set forth in the first paragraph of Section 6307-21, General Code, as follows:

"(a) No person shall operate a motor vehicle, track-

less trolley or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing, and no person shall drive any motor vehicle, trackless trolley or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.''

The succeeding provisions of Section 6307-21 as to prima facie lawful speeds and prima facie unlawful speeds constitute limitations on the basic rule mentioned in the first paragraph thereof.

Where speed is properly an issue in an action, it is essential that the court instruct the jury as to the provisions contained in the first paragraph of that section so that the jury may understand the limitations upon said provisions contained in the succeeding paragraphs of the section, relating to prima facie lawful speeds and prima facie unlawful speeds.

In the instant case the instruction as to reasonable or proper speed and as to assured clear distance was applicable, under the first paragraph of such section, to the facts in evidence, and the instruction as to prima facie lawful and unlawful speeds was applicable, under the pertinent succeeding provisions of the section, to the facts in evidence tending to prove that the automobile driven by defendant skidded 20 feet on a dry pavement after the application of brakes, from which fact the jury might infer that the automobile was being operated at a speed in excess of the prima facie lawful speed.

This assignment of error is, therefore, without merit.

### Assignment of error 5.

The special charge given to the jury before argument at the request of the plaintiff is in the following words:

"If you find that the defendant, Thomas Gorman, was negligent in one or more acts complained of by the plaintiff, and that Carl Dienstberger was also negligent, and the combined negligence of the two directly and proximately brought about the collision, the defendant in this case is liable for such damages as directly and proximately result therefrom."

That is a correct statement of law applicable to the facts of the case, there being evidence from which the jury might find that the injuries sustained by plaintiff were caused by the concurrent negligence of the defendant and Carl Dienstberger. It did not tend to confuse the jury as contended by defendant but served to clarify the issues in the case. It was a proper instruction notwithstanding the fact that Carl Dienstberger was not a party defendant in the case and the petition does not charge concurrent negligence on the part of the defendant and Carl Dienstberger. The court did not err in submitting this instruction.

### Assignment of error 6.

As to this assignment of error, the defendant contends that the court in commenting, in response to a request by the jury made after the jury had been charged and had retired to the jury room for deliberation, upon the special instruction given to the jury before argument at the request of the plaintiff violated the provisions of subdivision 7 of Section 11420-1, General Code, reading as follows:

"7. The court, after the argument is concluded, before proceeding with other business, shall charge the jury: any charge shall be reduced to writing by the court, if either party, before the argument to the jury is commenced, request it; a charge or instruction, when so written and given shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement, and re-

turned with their verdict into court, and shall remain on file with the papers of the case.''

Defendant contends further that this action on the part of the court constituted reversible error.

A reading of that provision discloses that it applies only to instructions given by the court after argument and before the submission of the case and has no application to special instructions given at the request of counsel after the close of the evidence and before argument, as prescribed in subdivision 5 of Section 11420-1, General Code. It also has no application to instructions upon matters of law given by the court to the jury at its request after the jury has retired to deliberate and has expressed its desire to the court for further instructions on the law of the case, as prescribed in Section 11420-6, General Code.

The provisions of subdivision 7 of Section 11420-1 (former Section 11447), General Code, were under consideration in the case of *Pratt* v. *Byers,* 41 Ohio App., 112, 179 N. E., 747, in which it was held that such provisions relate to a written charge or instruction given after argument and have no application to subdivision 5 of the same section which provides for the giving of written instructions on matters of law, before argument, upon request of either party to the suit.

In the case at bar it was the duty of the court, under the provisions of Section 11420-6, General Code, to comply with the request of the jury for further instructions, and the court did not err in so instructing the jury or in the instructions given it.

When a juror subsequently asked if there was any way the jury could get legal advice ''and get this completely clear in our minds as to a certain point,'' the court did not err in suggesting that the jury reduce its request to writing, and as the request was not submitted in writing the court did not err in not an--

swering the same. See *Defibaugh* v. *Ulmer,* 56 Ohio App., 255, 10 N. E. (2d), 447.

Nor did the court err in refusing the various requests or motions of the defendant that it declare a mistrial for the reason that the jurors in submitting the request appeared to be confused.

For the reasons mentioned, this assignment of error is without merit.

Assignment of error 7.

The assignments of error which we have hereinbefore discussed and decided adversely to defendant's contentions comprehend all the errors upon which defendant based his motion for a new trial, so that it is unnecessary to discuss this seventh assignment of error except to state that it is without merit.

As we find no error in any of the particulars assigned and argued in defendant's brief, the judgment of the Common Pleas Court is affirmed at the costs of defendant, and the cause is remanded for execution.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.