Robert Wise filed a negligence action against Gillispie's Store, Inc., and its owners, Robert and Billie Jo Gillispie (collectively, "the Gillispies"), for injuries Wise sustained when he slipped and fell inside the store. The Gillispies filed a motion for summary judgment, alleging that no genuine issue of material fact exists, and that they are entitled to judgment as a matter of law. The Jackson County Court of Common Pleas agreed, finding that the wet condition of the floor was open and obvious due to the snow, and therefore that the Gillispies did not breach their duty of care to the store's patrons. We agree. Accordingly, we affirm the judgment of the trial court.
 I.
Wise visited Gillispie's store between ten and eleven a.m. on January 10, 1997. Wise averred and testified in his deposition that it was sleeting or snowing outside when he arrived at the store. Wise further averred that he walked only a few feet inside the store before he stepped on a "wet substance" and fell. Michelle Baxter, another customer in the store, assisted Wise to a nearby bench. Baxter averred that Wise's pants were wet from water on the floor.
Dana Gillun, a store employee, testified in her deposition that she mopped the floor with a dry mop thirty to forty-five minutes prior to Wise's fall. Gillun and Billie Jo Gillispie both testified in their depositions that the floor was dry when Wise fell. Billie Jo Gillispie testified that the store typically uses a mop or fan to dry the floor after deliveries on rainy or snowy days, because delivery carts drip water in front of the cash registers as store employees check in the products received. Wise introduced a business record indicating that the Gillispies received a beer delivery at eight forty-six a.m. on January 10, 1997.
The Gillispies filed for summary judgment. In their motion, the Gillispies asserted that reasonable minds could only conclude that Wise's fall was caused by an open and obvious condition, namely, that when snow or sleet is on the ground, people entering a building will track some moisture indoors. The trial court agreed, and granted the Gillispies' motion for summary judgment. Wise appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 II.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United MethodistChurch (1994), 68 Ohio St.3d 531, 535.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail.Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth,N.A. (1992), 84 Ohio App.3d 806, 809.
Wise based his personal injury claim upon a theory of negligence. In an action for negligence, the plaintiff bears the burden of establishing the existence of "a duty, a breach of that duty and injury resulting proximately therefrom."Mussivand v. David (1989), 45 Ohio App.3d 314, 318. Ohio law presumes that each party exercised ordinary care until one party produces evidence to the contrary. Wise v. Timmons
(1992), 64 Ohio St.3d 113, 116, citing Biery v. PennsylvaniaRR. Co. (1951), 156 Ohio St. 75, paragraph two of the syllabus.
A shopkeeper owes its customers, who are business invitees, a duty of ordinary care in maintaining the premises in a reasonably safe condition. Holdshoe v. Whinery (1968), 14 Ohio St.2d 134,137; Keiser v. Giant Eagle, Inc. (1995), 103 Ohio App.3d 173,176. A shopkeeper does not, however, carry a duty to protect its customers from dangers which are so obvious and apparent that the customers could reasonably be expected to discover them and take necessary precautions to protect themselves from harm. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 204; Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus.
In S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, 723, the court stated:
 Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor * * * damp * * * and everyone knows that a damp floor is * * * more slippery than a dry floor. * * * It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet.
Ohio courts consistently follow S.S. Kresge, and decline to impose liability upon store owners for injuries customers sustain as a result of floors which are wet and slippery as a result of water tracked in from rain and snow. Paschal, supra;Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, paragraph one of the syllabus; Englehardt v. Philipps (1939),136 Ohio St. 73.
In contrast, a store owner who causes unsafe conditions by applying soap and water to a floor may be liable for an injury to his customer. Ashley v. RHF, Inc. (Aug. 12, 1993), Pike App. No. 93CA501, unreported, citing Bickley v. Sears, Roebuck Co.
(1938), 62 Ohio App. 180, 184. To establish liability for a slip and fall injury on a wet floor, the plaintiff must present evidence that the slippery condition on the floor resulted from factors other than customers tracking water, and then must show that the store or its employees did not exercise due care in taking precautions with respect to the condition. Boles at paragraph five of the syllabus.
Wise contends that the trial court erred by granting the Gillispies' motion for summary judgment because genuine issues of material fact remain in dispute. Specifically, Wise notes that the parties dispute whether the floor was wet when he fell. Additionally, Wise asserts that the parties dispute the source of the water.
We agree that the parties dispute whether the floor was wet. However, we find that resolution of the dispute is immaterial. Even assuming the floor was wet, the Gillispies owed no duty to remove water which accumulated on the floor as a result of people tracking water from outdoors. Therefore, the trial court did not err by entering summary judgment despite the fact that the parties dispute whether the floor was wet.
Additionally, Wise failed to present any evidence that the water on the floor accumulated as a result of actions taken by the Gillispies. Wise argues that Billie Jo Gillispie's testimony that delivery carts often track water onto the floor establishes an unnatural source of the water. However, the evidence establishes that Gillun used a dry mop on the floor thirty to forty-five minutes before Wise entered the store. The delivery receipt reflects that Gillun checked in the inventory from the store's only delivery at least ninety minutes prior to Wise entering the store. Thus, any water on the floor at the time Wise fell accumulated after Gillun removed the water from the delivery cart and the store's morning customers. We find that no genuine dispute remains as to the source of the water.
In conclusion, we find that the trial court correctly held that no genuine issue of material fact remains for trial in this case. Accordingly, we affirm the judgment of the trial court in favor of the Gillispies.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.