JAMES P. MILLER ET AL., PLAINTIFFS IN ERROR, V.
WILLIAM H. WILLIS, DEFENDANT IN ERROR.

1.  **Parties.** A slight variance in the name of one of the parties in
    the judgment from that in the execution will not vitiate it, where
    it is apparent from the pleadings and proceedings that the parties
    are the same.

2.  ———: ACTION. The objection that the plaintiff has not legal
    capacity to sue must be made, if at all, by the defendant before
    judgment. The objection is not available to a stranger.

ERROR to the district court for York county. Tried
below before GEORGE W. POST, J.

*Lamb, Billingsley & Lambertson,* for plaintiff in error,
cited: Angell & Ames on Corporations, sec. 650. Free-
man Judg., sec. 154. *Bank v. Smalley,* 2 Cow., 778.
*Corbin v. Pearce,* 81 Ill., 461. *Jackson v. Walker,* 4
Wend., 463. Freeman Ex., 43.

*W. T. Scott* and *W. P. Conner,* for defendant in error.

MAXWELL, J.

In 1878 the Kansas Wagon Manufacturing company
recovered a judgment in the county court against Benjamin
H. Willis and Thos. C. Tagg, for the sum of $76.65 and
costs. In January, 1880, an execution was issued on this
judgment, and levied on certain hogs as the property of
Benjamin H. Willis. Thereupon William H. Willis, a son
of Benjamin, claimed the hogs as his and took them from
the plaintiffs in error, Miller being sheriff and Laycock
his deputy, on a writ of replevin. On the trial of the
cause a verdict was returned in favor of Willis, upon
which judgment was rendered. The county judge of
York county was called as a witness, and after testifying
that he was county judge and had possession of the records

of that court, produced the record of a judgment in favor of the Kansas Manufacturing Co. v. Willis and others, upon which judgment the execution was issued. This was offered in evidence, and objected to by the defendants in error "on the ground that the execution in this case is not the same case at all as that on the record offered in evidence; that nothing appears in the record to show that the Kansas Manufacturing Co. is a corporation, or personally competent to bring suit within this state." The objections were sustained and the record excluded. In this there was error. The record clearly shows the recovery of the judgment, and that the execution under which the plaintiffs had levied upon the property in dispute was issued upon that judgment.

The omission of the word "wagon" from the name of the company or corporation did not render the execution void, nor the record of the judgment, when properly identified, as it was in this case, inadmissible. The sheriff and the deputy were holding the property under an execution valid upon its face, and issued by the county judge upon a valid judgment in the county court. This being so, there was no such variance as rendered the judgment inadmissible. Where it is apparent from all the pleadings and proceedings in a case that the parties are the same, a slight variance in the name of one of the parties in the execution will not vitiate it. *Holmes v. McIndoe*, 20 Wis., 657. *Hays v. Bernard*, 38 Ill., 297. *Thornton v. Lane*, 11 Ga., 459. *Lewis v. Avery*, 8 Vt., 289. The record of the judgment should have been admitted.

*Second.* The objection that the plaintiff has not legal capacity to sue must be made, if at all, by a party to the suit. It is an objection that must be specially made, or it will be waived. If no objection on that ground is made, and judgment by default is rendered, in cases where personal service is had, at least, there is an implied admission of the legal capacity of the plaintiff to bring the action, and.

the defendant cannot raise it after judgment is rendered. A stranger cannot raise the objection. The second objection, therefore, was not well taken. The court also excluded testimony which we think should have been admitted, but as it was excluded evidently upon the theory that the execution was invalid, it is unnecessary to refer to it. The judgment of the district court is reversed and the cause remanded for a new trial.

#### REVERSED AND REMANDED.

THE other judges concur.