# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 689
### MAXA v. CLEVE. UN. TERMINALS CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5050. Decided March 28, 1924

465. ERROR—Error can be prosecuted from Insolvency Court to Court of Appeals.

313. CORPORATIONS—Ten per cent of subscription paid not prerequisite to certificate of incorporation.

458. EMINENT DOMAIN—1. Railroad has right to condemn property although it does not use all 'air rights" for railroad purposes.

· 2. Land condemned for depot purposes held to be taken for public purposes.

3. Assessment of damages held not so inadequate as to require reversal.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by the Union Terminals Co. filed in the Cleveland Insolvency Court, to condemn the property of Lewis Maxa, together with many other parcels of land necessary for a Union Depot. The defendant claimed that the plaintiff had no right to exercise the power of eminent domain, for (1) There was a failure adequately to comply with the statutory requirements in the organization of the corporation. (2) There was an admixture of proposed private and public use. (3) That the corporation was a mere dummy company, not pursuing purposes of its own, but of others, individual and corporate.

The evidence disclosed that although the certificate of the subscription to the stock was sent to the Secretary of State, the stock had not all been paid for, or had only been paid for by check, and the checks remained uncollected until some time long thereafter. The evidence also disclosed that acres of land had been condemned and many valuable buildings wrecked. Maxa claimed that the upper portion of the building to be erected was to be used for private purposes and not for the public, and therefore these "air rights" could not be condemned. The jury assessed damages for Maxa in the sum of $140,000. Maxa prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Error proceedings can be prosecuted directly from the Insolvency Court or to the Common Pleas and from the Common Pleas to the Court of Appeals.

2. 8633 GC. and 8632 GC. do not provide that ten per cent of the money must be paid in by the subscribers to the stock before the certificate of subscription is filed with the Secretary of State.

3. Under the statutes of Ohio the only thing which can be condemned and appropriated is land, and when a railroad company appropriates the land it appropriates everything above the land. If the railroad has a right to appropriate the land for the purpose of a depot and does not use it all for railroad purposes there is nothing to prevent the use of a part of it for private purpose so long as such use inures to the benefit of the public.

4. As the record shows that the land was to be used for depot purposes, it comes within the purview of the statute authorizing the condemnation proceedings for such use.

5. As there is no evidence tending to show that the Union Terminals Co. was a "dummy corporation," but on the contrary shows that the corporation was formed for a specific purpose, it cannot be said that it was not performing a proper purpose.

6. As the verdict of the jury does not appear to be manifestly improper, this court cannot set the same aside, as· the evidence was in conflict as to the actual value of Maxa's property.

Attorneys—Moore, Miller & Moore, and White, Cannon & Spieth, for Maxa; Boyd, Cannon, Brooks & Wickham, and Baker, Hostetler & Sidlo, and Tolles, Hogsett, Ginn & Morley, and C. W. Stage, for Terminals Co.; all of Cleveland.