GANO ET AL. *v.* THE CLEVELAND, CINCINNATI, CHICAGO
& ST. LOUIS RY. CO.

(Decided June 17, 1929.)

*Mr. Wm. J. Rielly* and *Mr. Lawrence H. Kyte*, for plaintiffs in error.
*Messrs. Harmon Colston, Goldsmith & Hoadly*, for defendant in error.

HAMILTON, J. The Cleveland, Cincinnati, Chicago & St. Louis Railway Company brought an action in the court of common pleas of Hamilton county against the defendants, John R. Gano and Charles Gano, plaintiffs in error here, for the appropriation of property of the defendants for railroad purposes.

The jury returned a verdict fixing the amount of compensation for land taken, and damages to the residue, as provided by law.

Judgment was entered on the verdict, and from that judgment defendants prosecuted error to this court, seeking a reversal.

The first point of error urged is inadequacy of the verdict and judgment. This, of course, would be in effect that the judgment is against the weight of the evidence.

The case was earnestly contested, there being many witnesses examined on the question of values, both by the plaintiff and by the defendants.

Evidence as to the character of the property taken and its present available uses, and as to all the facts surrounding same, which might affect the uses, was

presented to the jury. The value of the land, and the available uses, etc., were argued here, and undoubtedly were argued to the jury. The witnesses differed widely as to values, and in their opinions as to damages. In passing, it may be said that the values placed upon the property taken, and the damage to the residue, by the witnesses for the defendants, would seem, as indicated by the record, to be extravagant. The amounts suggested by these witnesses for the defendants range from $21,000 to $34,824. When we consider, as disclosed by the record, that but a fraction over eleven acres was taken, and that the only buildings located on the eleven-acre tract were some tenant buildings in a bad state of repair, and consider the uses to which the property sought might be put, with very little damage shown to the residue, it is apparent that these extravagant figures failed to impress the jury as to the real value. However that may be, the opinions as to value given by the witnesses for the railway company ranged from $4,359 to $8,400. The amount found by the jury and returned in their verdict was $5,723, which is the amount of the judgment rendered.

The argument presented here in oral argument and in the briefs was proper argument for counsel to make to the jury. There were eight witnesses for the railway company, and the amounts suggested in their opinions varied as above recorded. There were eight witnesses for the defendants, whose opinions also varied as above set forth.

Enough has been said to indicate that this court will not disturb the verdict on the ground of inadequacy of the award.

Complaint is made against the exclusion of certain evidence offered by the defendants through the witness Gano. The question was: "Q. What will you have to do Mr. Gano after the appropriation of this building on the land involved in this case to make the residue of your property as efficient as it now is for farm purposes?"

Objection to this question was sustained by the court. We are unable to see how this question is proper. The question itself is one of the points on which the jury would necessarily have to find. The questions propounded should have been directed to circumstances and facts concerning the land, and the jury would determine what would be necessary to make the defendant whole. Several questions followed along the same line, answers to which would be opinions upon the ultimate facts which the jury must determine. We will not take these questions up separately, as this statement will apply to all of those complained of.

There is objection made to the admission of evidence on behalf of the railway company, for the reason that the witnesses were not qualified to give opinion evidence in such cases. Several witnesses were called who did not appear to be well qualified to give such opinion evidence, and this would naturally be so considering the large number of witnesses called, but this goes to the weight rather than to the admissibility. Moreover, there is a wide discretion in the trial court in the admission of such evidence, and we do not see that that discretion was abused. The law applicable on this point is stated in the case of *Cincinnati Street Railway Co.* v. *Hickey*, 29 Ohio App., 399, 163 N. E., 310.

Objection is made to the refusal to give defendants' special charge before argument. This charge is as follows: ''I charge you that the owners of the property to be appropriated in this action are entitled to the full value of the land for any purpose for which it might be used, including prospective values which are certain to be realized. If, therefore, you find that the 11.03 acres to be taken by the Railway Company is presently capable of being subdivided into lots for the construction thereon of dwelling houses or residences, or into sites for the location thereon of industrial enterprises; and if you further find that those uses, or either of them, are the best present available uses of the property, the defendants in this action, as owners of said property, are entitled to the fair and reasonable, but full, market value of the property for those purposes, or either of them.''

The difficulty with this charge is that it states as a matter of law to the jury that the owners of the property are entitled to the full value of the land *for any purpose* for which it might be used. It further asked the court to charge that, ''If * * * you find that the 11.03 acres * * * is presently capable of being subdivided into lots for the construction thereon of dwelling houses or residences,'' etc. This would be misleading, in view of the fact that any land may be capable of being subdivided into lots for the construction of dwelling houses. While it is true the charge adds further the proposition of present available uses, the two propositions clash. In short, the charge presents a proposition that defendants shall be paid for any purpose for which the land *might* be used, and if *capable* of subdivision

into lots, and for present available uses. The three propositions above stated do not fit, and would be misleading, and the charge was properly rejected.

Objection is made to plaintiff's special charge No. 7, given before argument. This special charge is one of great length, and sought to deal with the restoration cost to restore the usefulness of the residue of the property. On this proposition the cost of restoration is the measure of damage, provided restoration will restore the whole of the residue to its present usefulness. The charge is not a good one. It is of great length and somewhat involved. However, we find in it no incorrect rule of law. It is argued that it is inapplicable to the case on trial, but since the evidence offered by the defendants themselves suggests damage to the barn on the residue by proximity, and the destruction of the driveway, we find the charge is applicable, although it might have been stated more briefly and with more clarity.

It may be well at this point to consider the claimed error in the general charge, wherein the court commented upon this special charge just discussed. It will be recalled the court gave the special charge in question. In the general charge the court said this: "Special charge No. 7 means that this cost of moving the barn, and not the value of the barn itself, would be the measure of damages to the barn by reason of the taking, if the barn must and can be moved, and will be as useful somewhere else on the residue as where located at present."

It is argued that this comment in the general charge upon the special charge violates the provisions of Section 11447, General Code. We do not

think this section covers the question. Paragraph 5 of Section 11447 provides: "When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

This paragraph, it will be noted, refers to special charges requested before argument, and special charges only.

Paragraph 7 provides: "The court, *after the argument* is concluded, before proceeding with other business, shall charge the jury; any charge shall be reduced to writing by the court, if either party, before the argument to the jury is commenced, request it; a charge or instruction, when so written and given, shall not be orally qualified, modified, or in any manner explained to the jury by the court; * * * ,,

Thus paragraph 7 deals only with the general charge, which the parties may require to be in writing, and when reduced to writing, under request, the court shall not, under the express provisions of the statute, orally qualify, modify, or in any manner explain to the jury concerning the same. This is not the situation here. The court did refer in its general charge to special charge No. 7 in a way tending to explain the same, but not in a way to change the rule of law presented in the special charge. We are aware of the fact that there are some inferior courts that have held that paragraph 7 applies to special charges. We have no way of accounting for this apparent error, since the paragraphs are separate and entire and concern entirely different mat-

ter. Had the comment in the general charge in any way modified or changed the rule of law suggested in the special charge, this would require a reversal, since two different legal propositions would be presented to the jury, and there would be no way of knowing which proposition of law the jury followed. But our view is that the comment in the general charge having in no way changed any rule of law, the defendants, plaintiffs in error here, were not prejudiced by reason of the comment. It may be well to add that the special charge commented upon was the charge of the railway company, defendant in error here, and not the charge of the complaining parties.

There are some other points of error not particularly stressed, which we do not consider of importance.

Our conclusion is, taking into consideration the character of the case to be tried, the large number of witnesses introduced, suggesting all phases of facts and values, that the case was fairly presented to the jury, and no prejudicial error resulted.

*Judgment affirmed.*

CUSHING, P. J., and Ross, J., concur.