Williams, J.
 

 In brief plaintiff’s contention is that it had a judgment against J. H. Houghton and Charles D. Houghton on the records of the Court of Common Pleas of Lorain county, Ohio; that on its order the clerk of that county issued an execution on that judgment to the Sheriff of Ashland county, Ohio; that the
 
 *646
 
 clerk had made out the execution but instead of inserting the name of the plaintiff as judgment creditor inserted the words, The First Wellington Bank; that the defendant, Clem V. Hassinger, sheriff of Ashland county, Ohio, received the execution December 21, 1928, and no personal property being found, levied upon the real property of J. H. Houghton in Ashland county and recorded the levy in the foreign execution docket but failed to index the case in which the execution was issued and levy made, under the name of Houghton, as required by Section 2837, General Code; that the judgment debtor, J. H. Houghton, sold the property to a third party, who placed a mortgage thereon, and that an action was brought by the plaintiff against the purchaser and mortgagee and it was decreed that they were innocent purchasers and that the lien was lost through failure to index.
 

 It is contended that the petition does not show that a precipe for the execution was filed nor that there was an endorsement on the writ regarding a deposit to cover the sheriff’s fees nor that the plaintiff has been deprived of obtaining the money on his judgment. The petition states that plaintiff ordered the clerk to issue the execution and that “fees for the sheriff” were deposited with the clerk. Section 2877, General Code, applies to executions and provides that before an execution is issued “a precipe shall be filed with the clerk demanding the same.” If the clerk issued the writ without demanding a precipe the validity of the process would not be affected thereby.
 

 Section 12105, General Code, prescribes that a sheriff shall not be liable for a failure to execute such process as an execution unless there is endorsed thereon the words, “Funds are deposited to pay the sheriff on this process.” As the sheriff executed the writ the provision has no material bearing on the rights of the parties. As to the claim of failure to plead facts to show plaintiff was damaged, it may be
 
 *647
 
 said that the petition shows that all efforts of plaintiff to collect the full amount due him by suit and execution have failed, that there was no personal property on which to levy, that the real property levied on was sold to another by the judgment debtor, J. H. Houghton, and that plaintiff has been damaged in the amount set forth. The pleading of such facts constitutes sufficient allegation of damage as against demurrer.
 

 An execution which gives the name of the judgment creditor incorrectly is irregular or erroneous, but not absolutely void.
 
 Collins
 
 v.
 
 Hines,
 
 100 Tex., 304, 99 S. W., 400;
 
 Anderson
 
 v.
 
 Gray,
 
 134 Ill., 550, 555, 25 N. E., 843, 23 Am. St. Rep., 696;
 
 Ellis
 
 v.
 
 Jones,
 
 51 Mo., 180;
 
 Miller
 
 v.
 
 Willis,
 
 15 Neb., 13, 16 N. W., 840;
 
 Griffith
 
 v.
 
 Milwaukee Harvester Co.,
 
 92 Iowa, 634, 61 N. W., 243, 54 Am. St. Rep., 573; 10 Ruling Case Law, 1236, Section 23; 23 Corpus Juris, 411, Section 187; 1 Freeman on Executions, 188, Section 43.
 

 The rule is tersely and aptly stated by Mr. Freeman in the above cited section of his work on executions in this language: “There is a just distinction between executions issued without authority, and executions issued under an authority which is erroneously pursued; but these two classes of executions cannot be accurately designated as irregular and erroneous. The former class is void; the latter may, with equal propriety, be termed either irregular or erroneous. When an execution can properly issue, a mistake made by an officer, in performing the duty of issuing it, is necessarily a mere error or irregularity. It is, however, necessary that an execution should have a judgment to support it; and that it should appear from the execution what judgment is intended to be enforced. The reason why the description of the judgment is inserted in the writ is, that the officer may know what he is to
 
 *648
 
 enforce, and that the writ may, by inspection, be connected with the authority for its issuance. When a sale has been made by a sheriff, we apprehend that the purchaser need show, in support of his title, nothing except a judgment, an execution thereon, and a sale and conveyance under such execution. * * * Where sufficient appeared on the face of the execution to connect it with the judgment, courts have frequently disregarded variances in the names of the parties, in the date, or in the amount of the judgment.”
 

 This court must assume the facts well pleaded in the petition to be true, for the purposes of the demurrer, and must give the allegations therein a liberal construction as is required by the Code of Civil Procedure. It fairly appears from that pleading that the execution was regular in form except for the misnaming of the plaintiff and that it was issued as appeared therefrom to make the money due and owing on the judgment pleaded. The presumption would be that the clerk did his duty except as otherwise pleaded.
 

 Since the execution was only erroneous and irregular, but not void, it was not subject to collateral attack. The judgment debtors saw fit not to make
 
 any
 
 objection to the form of writ and, had they done so, it would have been amendable under Section 11363, General Code. As the execution was not void the levy was not void and the lien thereunder continued. The parties, having chosen not to make a direct attack on the writ for irregularity were bound by it. It follows, that at the time the real estate levied on was sold to an innocent third party, the execution lien was subsisting and binding as between the parties to the action in which the judgment was rendered. The petition pleaded facts sufficient to constitute a cause of action.
 

 The judgments of the Court of Common Pleas and of the Court of Appeals will be reversed and the cause
 
 *649
 
 remanded to the trial court with directions to overrule the demurrer.
 

 Judgment reversed cmd cause remanded.
 

 Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.