## In re Claim of Kincade in Connection with Elimination of Grade Crossing over Tracks of The Baltimore & Ohio Rd. Co. in Village of Guysville, Athens County.

(No. 518—Decided July 15, 1953.)

*Messrs. Rowland, Bridgewater & Gray,* for appellee.
*Mr. C. William O'Neill,* attorney general, *Mr. Hugh E. Kirkwood, Jr.,* and *Mr. R. W. Fensterwald,* for aplants.

Collier, J.  The Director of Highways, through the Attorney General of Ohio, filed an application in the

Common Pleas Court of Athens County for a determination of the damages which should be awarded to the land owners as claimants on account of the relocation of a portion of U. S. route No. 50 in the unincorporated village of Guysville in Athens county. For convenience the applicant will be designated as the director and the land owner as the claimant. The application included other claimants in addition to Hattie M. Kincade, but in this appeal we are concerned only with her claim.

In the trial court, the director took the position that the claimant was not entitled to any damages for the reason there was no physical appropriation of any of the surface of her land, but merely an impairment or interference with the access to and from her property. Any question that may have existed on this proposition has been definitely settled in the cases of *Smith* v. *Erie Rd. Co.,* 134 Ohio St., 135, 16 N. E. (2d), 310, and *State, ex rel. McKay, Exr.,* v. *Kauer, Dir.,* 156 Ohio St., 347, 102 N. E. (2d), 703. These cases hold, in substance, that the owner of real property has an easement in the public street or highway on which his property abuts as an appurtenance thereto; that any substantial change of the grade or location of the highway upon which the property abuts renders the buildings thereon less convenient of access and is an appropriation *pro tanto* of the property right in the easement for which compensation may be required; and that a physical taking of the property is not necessary under these circumstances to entitle an abutting owner to damages. In this court, the director concedes this to be the law, and the question is not stressed.

A jury trial was waived by the director and the claimant and the question of damages was submitted to the court. A rather lengthy hearing was had and, upon consideration of the evidence, the court deter-

mined the amount of damages due the claimant to be $10,500. A motion for a new trial was filed on the ground that the amount allowed is excessive. The motion was overruled and judgment was entered against the director for this amount.

The single issue on this appeal is that the amount of damages determined by the trial court is excessive and against the manifest weight of the evidence.

The case was earnestly contested, 17 witnesses in all giving testimony on the question of the value of the claimant's property before and after the relocation of the highway. Five witnesses appeared for the state and twelve for the claimant. There is a wide variance in the opinions of the witnesses as to values. The lowest opinion expressed by the witnesses for the state as to the value of the claimant's property is $2,500 before the improvement and $1,800 after the relocation of the highway. The highest opinion as to value given by a witness for the state is $6,100 before the change and $4,600 after the change. Likewise, there is a wide variance in the amounts suggested by witnesses for the claimant. The lowest opinion given by a witness for the claimant states $5,000 before the relocation of the highway and salvage value after the change. The highest opinion expressed by claimant's witnesses is $15,000 before the change and no market value after the change. At least six witnesses for the claimant suggested the amount of damages due the claimant in a sum higher than the amount determined by the trial court. This evidence was properly received for the reason that in a case of this kind there is a wide discretion in the trial court in the submission of opinion evidence. As the trier of the facts, the trial court was also the judge of the credibility of the witnesses.

For a great many years prior to this project by the

director to eliminate a grade crossing, claimant's property abutted on that portion of old U. S. route No. 50 which was vacated and was designed and occupied as a mill site for the grinding and merchandising of mill feed in trade with the farmers of the surrounding community, and also with the traveling public on such highway. The property fronting on the highway, there was easy and ample access to claimant's mill. In making the improvement, U. S. route No. 50, was relocated several hundred feet westwardly, the old route in front of claimant's property was abandoned, and a bridge across the Hocking river immediately to the north of plaintiff's mill site was removed. The only access claimant and her customers now have to her property is an indirect, narrow and sloping road which requires all traffic to cross the Baltimore & Ohio Railroad tracks whereas, heretofore, only those traveling from the north to the mill had to cross the tracks. By reason of these facts, it is easily understood why there would be wide variations in the opinions of the witnesses as to the amount of damages sustained by the claimant in the relocation of the highway.

Reviewing courts are reluctant to disturb a verdict for inadequacy or excessiveness in the absence of any showing of passion or prejudice and where the witnesses' opinions vary widely. *Fosdick* v. *City of Cincinnati*, 19 Ohio Law Abs., 574, appeal dismissed, 129 Ohio St., 678, 196 N. E., 425; *Gano* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 33 Ohio App., 142, 168 N. E., 566; *Batterman* v. *City of Cleveland,* 18 C. C. (N. S.), 446, 33 C. D., 149; and *Maxa* v. *Cleveland Union Terminals Co.*, 2 Ohio Law Abs., 661.

In the *Fosdick case* it is said:

"A verdict based on the opinions of witnesses for

one side cannot be said to be manifestly against the weight of the evidence, where sustained by the preponderant opinion of the witnesses in number, and of equal credibility and impartiality.''

It is said also in the *Fosdick case*:

''In no case is the court authorized to reverse on the ground of the weight of the evidence excepting when it is able to say that reasonable minds could not differ. In a case where the issue is one that is not susceptible of exact knowledge and rests wholly in opinion or judgment, there is added reason for having regard for the determination of the jury.''

We see no reason why the same rule would not apply where the trial court acts as the trier of the facts.

Applying these rules of law as above set forth to the evidence in this case, especially when we consider that six of the 17 witnesses expressed opinions as to value and damages higher than that determined by the trial court, we cannot say the judgment is not supported by the evidence or is contrary to the weight thereof. Upon this evidence, and taking into account present inflated values of real property, we will not disturb the judgment on the ground of excessiveness of the award. The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and MCCURDY, J., concur.