**REIBOLD et, Plaintiffs-Appellees, v. HAINES, Aud., Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2346. Decided January 17, 1956.

504

Marshall & Smith, Dayton, By P. Eugene Smith, of Counsel, for plaintiffs-appellees.

C. William O'Neill, Atty. Genl., W. E. Herron, Asst. Atty. Genl., Columbus, for The Board of Tax Appeals.

Mathias H. Heck, Pros. Atty., By W. Edmund Shea, of Counsel, Dayton, for defendants-appellants.

(COLLIER, J, of the Fourth District, sitting by designation in the Second District.)

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, allowing a reduction in the valuation of real property listed for taxation in the county auditor's record in the name of Frank B. Reibold as fixed by the county auditor and affirmed by the County Board of Revision. The parties will be referred to hereafter as the appellants and the appellees as they appear in this Court.

Pursuant to the provisions of §5713.01 R. C., the County Auditor of Montgomery County in 1951 reappraised all the real estate in said County for purposes of taxation. The Auditor placed a value on the land in question as follows: Land, $1,027,560.00; building, $685,920.00; total, $1,713,480.00. On March 20, 1952, the owners of the fee in this real estate joined with the tenant, The Elder and Johnston Company, and filed a complaint before the Board of Revision of Montgomery County, alleging that the land in question was over-valued by the Auditor in the sum of $198,310.00 and that the building erected upon said land was over-valued in the sum of $185,920.00. On July 14, 1952, the County Board of Revision denied the reduction sought by the complainants, and on August 12, 1952, the complainants filed notice of appeal to the Common Pleas Court of Montgomery County. On April 25, 1955, a final judgment of the Court of Common Pleas was journalized in which the valuation of said property was determined to be as follows: Land, $830,976.00; building, $587,920.00; total valuation, $1,418,904.00. Said property was listed for taxation in 1950 in the total sum of $1,459,630.00.

The property in question is described as follows:

"Situate in the State of Ohio, County of Montgomery, City of Dayton, and being known as Part Lot No. 205 and Lot No. 206 of the revised and consecutive numbers of Lots on the plat of the City of Dayton, Ohio."

The land is located at the southwest corner of Fourth and Main Streets, Dayton, Ohio. The building on the land was constructed in three different units. The first unit was constructed in 1896, the second in 1904, and the third in 1914. The units are all joined and accessible, one from the other, and are in reality one building eleven stories high. The first six floors are used as a department store by the appellee, The Elder and Johnston Company, and the other five floors are used for offices and are occupied by lawyers, dentists, insurance agents, etc. The entire building is under lease from the owners by The Elder and Johnston Company and has been so leased since 1936.

Under the terms of the lease the lessee has contracted to pay the taxes and said lease will not expire until 1961. The appellants, the County Auditor and the Board of Revision of Montgomery County, set forth seven assignments of error, which will be taken up in order.

In their first assignment of error appellants contend that bcause one of the owners of record of the real estate, when called as a witness, stated he did not know whether the real estate appraisal for tax purposes was too high, the trial court should have sustained appellants' motion to dismiss the appeal. It often appears in the trial of a law suit that a party to the suit is unable to support his claim with his own testimony, but must rely upon the testimony of others who are qualified to give such testimony. We know of no rule which requires the supporting testimony of a party to an action in order to be entitled to the relief sought, when there is other competent evidence to establish his claim. We find no merit in this contention.

Under assignment of error No. 2, appellants contend that the Common Pleas Court was without jurisdiction on the appeal from the adverse decision of the Board of Review for the reason the wrong method of appeal was pursued from that decision. Appellants contend that the appeal from the decision of the Board of Review should have been to the Board of Tax Appeals under §5717.01 R. C., as a taxpayer, rather than under §5717.05 R. C., which provides for such appeal by the person in whose name the property is listed. Sec. 5717.01 R. C., so far as is pertinent to this question, provides:

"An appeal from a decision of a county board of revision may be taken to the board of tax appeals * * * by * * * any person * * * authorized by §5715.19 R. C. * * * to file complaints * * *."

Appellants' contention is that The Elder & Johnston Company, as a lessee, has no right to appeal under §5717.05 R. C., since this section provides a remedy only for the benefit of the owner of record. Sec. 5715.19 R. C., referred to in §5717.01 R. C. above quoted, reads in part as follows:

"Any taxpayer may file such a complaint as to the valuation or assessment of his own or another's real property, * * *."

The record shows that both the owner of record, Frank B. Reibold, and the lessee-tenant, The Elder & Johnston Company, filed their joint complaint with the County Board of Revision and that in the same manner they filed their notice of appeal to the Common Pleas Court, and that both parties appeared at the hearing in the Common Pleas Court, with the same counsel, and prosecuted the appeal together. While this action was pending in the Common Pleas Court the said Frank B. Reibold deceased, and the action was revived in the name of his heirs and executor. If this appeal had been attempted by The Elder & Johnston Company alone as a lessee and tenant of said real estate, this assignment of error apparently would be well taken. However, we are not called upon to decide that question for the reason one of the appellants from the decision of the Board of Revision was the person in whose name the property was listed, Frank B. Reibold. We find no error in the lower court's ruling overruling appellants' motion to dismiss the appeal on this ground.

In their third assignment of error appellants contend that the lower court erred when it decreed the reappraisement was illegally made because the County Auditor did not personally make the appraisement as required by law. The County Auditor admits that he did not personally view the premises, take measurements, etc., and that as authorized by §5713.01 R. C., a private company engaged in the business of appraising real estate was employed by him to do the actual work in making the appraisal; that the County Auditor adopted the report of this private appraisement company on valuation for purpose of taxation. The trial court found as one of its separate conclusions of law that the reappraisal was illegal and in violation of §5713.01 R. C., which requires the County Auditor to make the appraisal personally. Said section provides in part as follows:

"The auditor shall assess all the real estate situated in the county at its true value in money. The auditor shall view and appraise each lot or parcel of real estate and the improvements located thereon at least once in each six-year period beginning with the year 1943."

This statute further provides:

"The auditor, with the approval of the board of tax appeals, may appoint and employ such experts, deputies, clerks, or other employees as he deems necessary to the performance of his duties as assessor * * *.

"Such experts, deputies, clerks, and other employees, in addition to their other duties, shall perform such services as the auditor directs in ascertaining such facts, description, location, character, dimensions of buildings and improvements, and other circumstances reflecting upon the value of real estate as will aid the auditor in fixing its true value in money."

It is true that this statute does provide that "the auditor shall view and appraise each lot or parcel of real estate and the improvements located thereon," but it also provides that the auditor may employ experts, deputies and clerks who shall perform such services as the auditor directs in ascertaining description, location, character and dimensions of buildings and improvements and determine other circumstances reflecting upon the value of real estate. It seems clear that the Legislature did not intend that the auditor be given the impossible task of personally viewing and appraising each lot or parcel of real estate and the improvements located thereon, when in the same statute it is further provided that he may employ experts and deputies in ascertaining such facts as will aid the auditor in fixing its true value in money. So far as we are able to determine, this statute has never been construed by a reviewing court in Ohio. However, in **Smith v. Board of Revision of Washington County, 138 Oh St 564,** the Supreme Court, in affirming a decision of the Board of Revision, quoted from the report of a private Company which made the appraisal and thus, tacitly at least, gave approval to such method of appraising real estate. It is a general rule of statutory construction that "the General Assembly will not be assumed, or presumed, to have intended to enact a law producing unreasonable or absurd consequences." **37 O. Jur., Statutes, Section 352, p. 643.** To require the county auditor to actually view each lot and parcel of land in Montgomery County would certainly produce unreasonable and absurd con-

sequences. In our opinion, this statute is not that exacting in its requirements. The statute expressly provides for the appointment of deputies, experts and clerks to do the actual work in making the appraisement under the direction of the auditor and, when the auditor adopts the findings of the appraisers who have workd under his direction, the requirements of the statute have been complied with and a valid appraisement has been made.

The trial court erred in its conclusion of law under this assignment of error, but such conclusion is not reversible error because of the nature of this appeal. Sec. 5717.05 R. C., which provides the remedy of an owner of real estate to appeal to the Common Pleas Court from an adverse decision of a Board of Revision, enjoins a duty upon the Common Pleas Court in such appeal to "determine the true value in money of the property whose valuation or assessment for taxation by the county board of revision is complained of, and the court shall determine the liability of the property for assessment for taxation * * *."

Although in error as to the legality of the reappraisement, the trial court correctly proceeded to make that determination, i. e., of the true value in money of the property in question.

The 4th, 5th, 6th and 7th assignments of error listed present the controlling question whether the final order of the Common Pleas Court results in a fair reappraisal of the appellees' property. Appellants contend in these four assignments of error that the lower court erred when it increased the functional depreciation of the building owned by the Reibolds from 30% allowed in the reappraisal to 40%; that the court erred when it decreed the property was not appraised with due regard to all factors which influence and determine the value of the property and that the auditor and Board of Revision acted unreasonably and contrary to law; that the lower court erred when it decreed that the valuation was not the product of the application of an equal and uniform rule; and that the lower court erred in ordering a refund to appellee in the years 1952 and 1953 in the amount stated in the judgment entry.

Obviously, the lower court was in a much better position to determine the true value in money of this property than was the County Auditor and the Board of Revision for the reason that court had the benefit of the testimony of expert witnesses called by both parties, who laid before the court a complete picture of the property in question as to the location in relation to other property in the central business district of Dayton, comparative valuations placed on nearby parcels of real estate, the physical condition of the property as to modernization, trend of progress in volume of business, available parking space, suitability of the property for business purposes, income on investment, and all such matters as influence and determine the value of property.

The lower court, in its thirty-seven separate findings of fact, gave full consideration to about every pertinent factor to be considered in determining the value of real estate. In our opinion the court was well justified in increasing the functional depreciation of the building from 30% allowed by the appellants to 40%. Also, the lower court was justified in finding that the reappraisement was not the product of the

application of an equal and uniform rule. The property in question is located in the southern portion of the central business district of Dayton and the evidence discloses that the business trend is in a northerly direction. In our opinion, the appellants did not give due consideration to this fact, and did not allow enough for obsolescence of appellees' property.

The appellees continued to pay taxes on the valuation fixed by the County Auditor and Board of Revision during the pendency of this appeal, and the trial court correctly ordered a refund for the years 1952 and 1953 on the basis of the value determined by that court.

As suggested on page 12 of appellants' brief, "true value of real estate in money is nothing, nor can it ever be, but opinion."

Reviewing courts are reluctant to disturb a verdict or finding based on a mere difference of opinion. In the case of **Fosdick v. Cincinnati, 19 Abs 574,** it is said:

"In no case is the court authorized to reverse on the ground of the weight of the evidence excepting when it is able to say that reasonable minds could not differ. In a case where the issue is one that is not susceptible of exact knowledge and rests wholly in opinion and judgment, there is added reason for having regard for the determination of the jury."

See also **Gano v. Railway Co., 33 Oh Ap 142, 168** N. E., 566; Batterman v. Cleveland, 18 C. C. (NS), 446, and **Maxa v. Cleveland Union Terminal Company, 2 Abs 661.**

For the reasons above set forth the judgment of the Court of Common Pleas in this cause is affirmed.

MILLER, PJ, HORNBECK and COLLIER, JJ, concur.