Worth, Appropriation of, In re.

Common Pleas Court, Licking County.

No. 43333.   Decided March 8, 1962.

*Mr. J. Dale McNamar*, for appellant R. Neel Hillbrant.
*Mr. Leonard Zdara*, for the State Highway Department.
*Mr. Mel Underwood, Jr.*, assistant attorney general, for the state.

Holtsberry, J.  A jury was duly impaneled and sworn and proceeded to determine the issues with respect to compensation for land taken and damage to the remainder in an appropriation by the State of Ohio of easements for highway purposes over

the property of Grace M. Worth, et al., on State Route Number U. S. 40 and its approaches in Licking County, Ohio.

Appellant, not being satisfied with the amounts returned, moves for a new trial on the ground that the verdict and judgment are against the weight of the evidence, and that the Court view the premises, "in the presence of the attorneys for the Highway Department and the attorney for the property owners, and see with his own eyes what was done to this property, valuable as it was and situated in the heart of the residential Buckeye Lake Region."

When this case was tried, and before the introduction of any evidence, the jury was taken to the property being appropriated and this Court instructed the members that they should view the property in question solely for the purpose of better understanding and applying the evidence later offered during the progress of the trial and that the view itself was not to be considered as evidence. The bailiff was ordered to point out such places, things or objects to the jury as counsel desired the jury to see. The only apparent object of appellant in desiring the Trial Court to view the premises in considering the motion for a new trial would be to now consider the view as evidence and in a sense override the powers of the jury who tried the facts.

When it would be improper for the jury itself to consider a view as evidence, certainly it must follow that it would be improper and prejudicial for the judge to later view the premises in considering a motion for a new trial on the weight of the evidence. Impressions on the mind of the judge would necessarily become a substitute for proper and legal procedure.

True, as revealed by an examination of various cases referred to in 53 American Jurisprudence, subject, Trial, Section 451, courts over the country have taken different stands with respect to a view. Some hold that a jury may resort to the knowledge acquired by a view only for the purpose of understanding the testimony; others that the information acquired is evidence, or in the nature of evidence. Others have tacked various conditional application upon the various rules.

To this Court the sounder reasoning supports the view that a view should not be considered as evidence. Contrary reason-

ing would create pitfalls for a miscarriage of justice. Jurors should not become silent witnesses in a trial, burdened with testimony unknown to either party, and with no opportunity afforded for cross-examination or the correction of error. The purpose of a view should be solely to enable understanding and application of evidence offered upon the trial. Impressions made on the mind of jurors by a view of the premises are not evidence. (See *Zanesville M. & P. R. Company* v. *Bolen*, 76 Ohio St., 376; 81 N. E., 681.)

In a Pennsylvania case where three experts on real estate values gave conflicting testimony, the action of the trial judge, as trier of the facts without a jury, in rejecting all testimony and forming his own opinion as to damages based on his personal view of the premises was in error. (*Alvins* v. *Commonwealth*, 379 Pa., 202, 108 A. [2d], 788.)

Section 5519.02, Revised Code, paragraph 8, pertaining to highway appropriations makes provision for examination of premises by the jury. It is stated therein, "Such examination shall be before any testimony is submitted, except the plat and a survey of the property taken and the title papers of the appellant, if produced, which the jury may take with them. After making such examination the jury shall return to the court at the time fixed therefor."

To argue inadequacy of the verdict and judgment is, of course, in effect saying that the judgment is against the weight of the evidence. In the instant case, considering the testimony as to values, it varies greatly. One expert for the Highway Department testified the total for compensation and damages was $1677.00; a witness for the property owners went as high as $13,987.50. The total reached by unanimous verdict of the jury was $2600.00. The verdict is within the range of the lowest and highest.

Where testimony varies and a verdict came within the brackets of the lowest and highest, it was held in *Gano* v. *Cleveland, C. C. & St. L. R. Company*, 33 Ohio App., 142; 168 N. E., 566, that the verdict would not be disturbed on the grounds of inadequacy.

The weight and value of testimony as to compensation and damages in an eminent domain procedings are for the jury to

determine and the Court cannot invade such province, either by considering the evidence from the record, or by viewing the subject matter of the trial on motion for a new trial which would be creating evidence which never existed.

Motion for new trial is overruled.